UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| RANDY RINDAHL, | ) | Civ. 10-4004 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER GRANTING |
| TIM REISCH, Sec. of Corrections; | ) | IN FORMA PAUPERIS STATUS, |
| DOUGLAS WEBER, Warden, South | ) | FILING COMPLAINT, |
| Dakota State Penitentiary; | ) | REFERRING CASE, AND |
| D. SLEYHOUSE, Deputy Warden; | ) | DIRECTING SERVICE |
| JULIE SPURRELL, Health Service; | ) | |
| BARRY MONFORE, Radiologist; | ) | |
| DR. FLANAGAIN; SDSP Health | ) | |
| Service; | ) | |
| MR. OAKLY, Physicians Assistant, | ) | |
| SDSP; | ) | |
| DR. SHAEFFER; SDSP Health | ) | |
| Service; | ) | |
| RADIOLOGIST; SDSP Health | ) | |
| Service; | ) | |
| MR. TAYLOR, Section Manager; | ) | |
| J.P., R.N., SDSP Health Service; | ) | |
| HEALTH CARE MANAGER, SDSP | ) | |
| Health Services; | ) | |
| JOHN DOE; and | ) | |
| JANE DOE, all in their official and | ) | |
| unofficial positions, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Randy Rindahl, moves to proceed in forma pauperis (Docket 4).

The Prison Litigation Reform Act, 28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or

detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has previously proceeded in forma pauperis in at least four civil actions in the District of South Dakota pursuant to 42 U.S.C. § 1983, which have either been dismissed as frivolous or because of failure to state a claim. These cases were filed in this court as civil docket numbers 09-4085, 96-4117, 96-4116, and 95-4207. Accordingly, plaintiff has had at least three prior "strikes" pursuant to 28 U.S.C. § 1915(g) and, therefore, is not eligible to proceed in forma pauperis in any civil action unless there is imminent danger of serious physical injury.

Plaintiff's complaint is very difficult to follow. It appears, however, that plaintiff alleges that in 2003, correctional personnel entered his cell while he was sleeping and used excessive force to injure his neck. He has had multiple x-rays after 2003 and is currently experiencing numbness in his neck and running down his arms. In December of 2009, Dr. Shaeffer referred him for consultation with a neurosurgeon and noted that Rindahl's x-rays indicate he has a grossly deformed cervical vertebrae with almost complete obliteration of the intervertebral space. Dr. Shaeffer states that surgery may be necessary. Rindahl provided further documentation as of February 9, 2010, that he has not received follow-up care, including an appointment with a neurosurgeon.

Plaintiff's allegation that he has been denied treatment for his injured neck meets the imminent-danger exception in § 1915(g). See McAlphin v. Toney, 281 F.3d 709, 710-11 (8th Cir. 2002) (plaintiff's allegations of five tooth extractions that had been delayed, and spreading tooth infection, were sufficient to meet imminent-danger exception).

Because plaintiff's complaint meets the imminent-danger exception, the court will review whether plaintiff is entitled to proceed in forma pauperis. The Prison Litigation Reform Act, 28 U.S.C. 1915, requires prisoners to make an initial partial filing payment where possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1) which requires a payment of 20 percent of the greater of:

> (A)  the average monthly deposits to the prisoner's account; or
> (B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Plaintiff has reported an average monthly deposit to his prisoner trust account for the past six months of $33.33, and an average monthly balance in his account of $48.53. Therefore, plaintiff is required to pay $9.70, which equals 20 percent of $48.53, to proceed with this action.

Plaintiff next moves for appointment of counsel. Whether counsel should be appointed is discretionary with the court. The "court should consider the complexities of the legal issues raised, the difficulty of the alleged factual controversy prevented, and the overall background of the individual

petitioner." Cates v. Ciccone, 422 F.2d 926, 927 (8th Cir. 1970). At this stage, the legal issues do not appear complex and the facts do not appear difficult or disputed. Thus, plaintiff's motion for appointment of counsel is denied without prejudice.

Accordingly, it is hereby

ORDERED that plaintiff's motion to proceed in forma pauperis (Docket 4) is granted. **Plaintiff shall make an initial partial filing fee of $9.70 before March 18, 2010**, made payable to the Clerk, U.S. District Court.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of counsel (Docket 12) is denied.

IT IS FURTHER ORDERED that plaintiff's motion to include evidence in the record (Docket 18) is granted.

IT IS FURTHER ORDERED that the United States Marshal shall serve a copy of the complaint, summons, and this order upon defendants as directed by plaintiff. All costs of service shall be advanced by the United States.

IT IS FURTHER ORDERED that defendants shall serve and file an answer or responsive pleading to the complaint, together with a legal brief or memorandum in support thereof, on or before 21 days following the date of the service by mail.

IT IS FURTHER ORDERED that plaintiff shall serve upon defendants, or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the

court.  He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the court.

IT IS FURTHER ORDERED that the institution having custody of the plaintiff is hereby directed that whenever the amount in plaintiff's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

IT IS FURTHER ORDERED that for purposes of appointment of counsel, conducting any necessary hearings, including evidentiary hearings, and submissions to this court of proposed findings of fact and recommendations for the disposition of this case, that the above entitled action is hereby referred to Magistrate Judge John Simko pursuant to 28 U.S.C. § 636(b)(1)(B).

Dated February 18, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE